IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| UNITED STATES OF AMERICA | * |  |
| v. | * | Criminal Action No. RDB-09-0184 |
| DARNELL ANGELO HOLMES, | * |  |
| Defendant. | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

In 2010, Defendant Darnell Holmes pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846. (ECF No. 211.) This guilty plea was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with an agreed imprisonment recommendation of 188 months (15 years and 8 months). *Id.* at 5. The advisory Guideline range in this case was five to forty years imprisonment. *Id.* at 2. The Court imposed a sentence of 188 months (15 years and 8 months), which was the agreed upon sentence under the plea and within the advisory Guideline range. At the time of filing the instant Motion, Holmes was 53 years old and had served approximately 177 months out of his 188-month sentence. (ECF No. 305.)

Now pending is Holmes's *pro se* Motion for Sentence Reduction ("Compassionate Release") pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 305.) Holmes urges this Court to modify his sentence because he tested positive for COVID-19. *Id.* The Government opposes Holmes's Motion. (*SEALED* ECF No. 311.) Since the filing of his Motion, Holmes

has completed his sentence and has been released from prison.[1] For the reasons that follow, Holmes' Motion for Compassionate Release (ECF No. 305) is DENIED.

## BACKGROUND

The undisputed facts were stipulated in Holmes' plea agreement. (ECF No. 211.) From 2008 until about April 2009, Darnell Holmes conspired with a number of individuals to distribute and possess with intent to distribute heroin. *Id.* at 4. Holmes discussed and arranged transactions via cellular telephone of the wholesale distribution of heroin. *Id.* During the conspiracy, Holmes would "obtain bulk quantities of heroin" from his co-conspirator and package the heroin for redistribution. *Id.* Holmes also controlled a stash location for the heroin. *Id.*

The base offense level to Holmes' crime was twenty-six (26) which was adjusted to account for his status as a career offender, with an adjusted base offense level of thirty-four (34) and a criminal history category of VI. (ECF No. 211 at 4.) The plea agreement further stipulated to a two-level reduction to account for Holmes' "apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct" and another one-level decrease for Holmes' timely notification of his intent to plead guilty. *Id.* at 5. Holmes' ultimate adjusted offense level was thirty-one (31). *Id.*

On July 21, 2010, Judge William D. Quarles, Jr. of this Court sentenced Holmes to 188 months imprisonment in accordance with the recommendation set forth in Holmes' plea deal. (ECF Nos. 235, 237.) At the time of his Motion, Holmes was imprisoned at Federal Correctional Institution, Fort Dix in Fort Dix, New Jersey. (ECF No. 305.)

---

[1] Holmes' release from prison does not determine the outcome or analysis of this Motion.

**ANALYSIS**

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13

**I.     Administrative Exhaustion Requirements**

Holmes has failed to demonstrate that he exhausted his administrative remedies. Under 18 U.S.C. § 3582(c)(1)(A), if a defendant files a motion for relief on his own behalf, there is a threshold requirement that the defendant fully exhausts all administrative rights to appeal. More specifically, and as previously mentioned, the defendant is to show that the Bureau of Prisons has failed to bring a motion on his behalf, or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

3

Only after a defendant has shown these administrative exhaustion requirements can the Court consider whether extraordinary and compelling reasons exist to modify a term of imprisonment. *Id.*; *United States v. Johnson*, 451 F. Supp. 3d 436, 444 (D. Md. 2020).

Holmes' Motion is a populated form which includes yes or no answers with check boxes, open-ended questions, and explanations about the requirements of a successful 18 U.S.C. § 3582(c)(1)(A) motion. (ECF No. 305.) In the form Motion, there is a section entitled "Exhaustion of Administrative Remedies." *Id.* at 2. The section expressly states and informs movants that § 3582(c)(1)(A) allows one to file a motion "30 days after the warden of your facility received your request that the warden make a motion on your behalf." *Id.* Holmes' Motion attests that he submitted a request for a reduction in sentence to the warden on January 18, 2021, and that he had not received a response. (ECF No. 305.) Tellingly, Homes' Motion itself is dated January 21, 2021, three days after he states he submitted a request for compassionate relief to the warden. *Id.* at 5. Plainly, Holmes' Motion was not filed thirty (30) days after the warden of his facility received his request.

Even if this Court entertained the notion that Holmes accidentally misrepresented the dates on his Motion, the Government disputes Holmes' administrative remedies attestation and has provided a report from the Bureau of Prisons which indicates there is no record of Holmes' administrative request. (*SEALED* ECF No. 311 at 6.) Holmes has failed to reply or provide any further indication that he has exhausted his administrative requirements, so this Court finds that Holmes has failed to properly exhaust his administrative remedies. "Until these requirements are satisfied, this Court lacks jurisdiction to entertain the Defendant's Motion." *Johnson*, 451 F. Supp. 3d at 444; *see also United States v. Ming Zhang*, No. 8:18-CR-

4

00463-PWG-1, 2020 WL 6044326, at *2 (D. Md. Oct. 13, 2020) ("The Court recognizes the seriousness of the COVID-19 pandemic and the risks that [the Defendant] faces. Nonetheless, until [the Defendant] has fully exhausted his administrative remedies, or waited at least 30 days with no BOP determination, the Court lacks jurisdiction to consider whether there are 'extraordinary and compelling reasons' that warrant his release to home confinement."); *see also United States v. Wardrick*, No. CR PJM 95-294-1, 2020 WL 4904067, at *2 (D. Md. Aug. 18, 2020) (finding failure to exhaust administrative remedies where Bureau of Prisons has no request in its tracking system); *United States v. Watts*, No. CR RDB-18-0271, 2020 WL 4748457, at *1 (D. Md. Aug. 17, 2020) (same).[2] Holmes has failed to exhaust his administrative remedies and therefore this Court lacks jurisdiction to analyze whether extraordinary and compelling reasons exist to justify sentence modification under 18 U.S.C. § 3582(c)(1)(A).

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 8th day of November, 2022, that Defendant Darnell Holmes' Motion for Compassionate Release (ECF No. 305) is DENIED.

                                                          /s/
                                        Richard D. Bennett
                                        United States District Judge

---

[2] Even if Holmes had exhausted his administrative remedies, he has plainly failed to demonstrate "extraordinary and compelling reasons" for sentence modification. Holmes' Motion generally cites to the COVID-19 pandemic, apparently stating that he contracted the virus himself. (ECF No. 305). Without more, this Court finds no extraordinary and compelling reason to warrant relief. *See United States v. Blackman*, No. CR RDB-15-0241, 2020 WL 4350007, at *2 (D. Md. July 29, 2020) ("[Defendant] does not represent that he suffers from any medical conditions which render him uniquely susceptible to the virus. Absent evidence of such conditions, the mere existence of COVID-19 does not justify compassionate release."); *see also United States v. Hiller*, No. CR ELH-18-0389, 2020 WL 2041673, at *4 (D. Md. Apr. 28, 2020) ("Simply put, the coronavirus is 'not tantamount to a get out of jail free card.'") (quoting *United States v. Williams*, PWG-13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020)) (internal quotations omitted).